FILED
2015 Apr-30  PM 04:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **ASHLEY BEAVERS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **MERCANTILE ADJUSTMENT** ) | |
| **BUREAU,  a corporation;** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** Plaintiff Ashley Beavers (hereinafter "Plaintiff") by and through her attorneys of record and files her Complaint against Defendant and states as follows:

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1693m.  Diversity jurisdiction also exists as these are completely diverse parties and the amount in controversy exceeds $75,000.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. and Alabama state law, in its illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

3.    Plaintiff Ashley Beavers is a natural person who currently resides at all times relevant herein in this judicial district specifically in the City of Chelsea, County of Shelby, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Regulation E, 12 C.F.R 1005.2.

4.    Defendant Mercantile Adjustment Bureau, LLC (hereinafter "Defendant " or "Mercantile") is a foreign corporation incorporated in New York and having its primary place of business in New York that is a consumer debt collection agency,  and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt for a credit card (Kohls) for Plaintiff's personal, family and household purposes.

6.    At some point after the debt was allegedly defaulted, Defendant Mercantile bought, was assigned, or otherwise starting collection activities on this debt against Plaintiff.

7.   On or about June 18, 2014, Defendant Mercantile's agents or employees communicated with Plaintiff by telephone and asked for payment on this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

8.   During this collection telephone call, Defendant Mercantile solicited and obtained Plaintiff's personal bank account information for a <u>single</u> electronic funds transfer and this transaction was subject to Regulation E and the EFTA.  See 12 C.F.R. § 1005.3(b).

9.   Unknown to Plaintiff, Defendant Mercantile secretly intended all along to take <u>multiple</u> electronic funds transfers from Plaintiff's bank account.

10.   Defendant Mercantile lied to Plaintiff by saying it would only be one withdrawal and suppressed from Plaintiff that it would be more than one withdrawal.

11.   Defendant Mercantile failed to obtain written authorization from the Plaintiff for multiple electronic funds transfers, as required by and in violation of Regulation E and the EFTA.  See 12 C.F.R. § 1005.10(b).

12.   Defendant Mercantile failed to provide the Plaintiff with a written copy of this authorization for these electronic funds transfers, as required by and in violation of regulation E of the EFTA.  See 12 C.F.R. § 1005.10(b).

13. Defendant Mercantile made multiple electronic funds transfers from Plaintiff's bank account between June and July 2014, within the meaning of Regulation E and the EFTA, without having first complied with the requirements of those federal laws.  See 15 U.S.C. § 1693 and 12 C.F.R. § 1005.10.

14. Defendant Mercantile's failure to provide the notices required by the EFTA, prior to instituting multiple electronic funds transfers from Plaintiff's bank account constitutes a violation of the EFTA, 15 U.S.C. § 1693.

15. On or about July 31, 2014, Plaintiff noticed that money had been withdrawn by Defendant Mercantile from Plaintiff's account after the one authorized withdrawal.

16. This resulted in monetary loss and mental anguish and emotional distress.

17. On or about August 4, 2014, Plaintiff called Defendant Mercantile and spoke with debt collector John Elliot regarding who specifically gave permission for Defendant Mercantile to pull the remainder of the balance from Plaintiff's account.

18. John Elliot told Plaintiff that in the June conversation with Plaintiff that he would check back with Plaintiff in July to pay the balance and if Plaintiff was unable to pay the large amount at that time they would work out a smaller payment.

19. Plaintiff told John Elliot he was never given permission to pull the money from Plaintiff's account other than the June authorization.

20. John Elliot disagreed stating they could go back and play the recording of the June call to verify who was correct.

21. He also said he had called Plaintiff and since Plaintiff did not return his call, that gave Defendant Mercantile permission to take the second withdrawal.

22. Plaintiff requested to hear the recording.

23. John Elliot said that they could do a three way call with his manager, Greg Guycowski and listen to it together.

24. Rather than doing this, John Elliot changed his story.

25. He said since Kohls had been paid off and the balance was now zero he was done with the matter and Plaintiff would have to take up any further disagreements with Greg Guycowski, the manager.

26. John Elliott refused to let Plaintiff listen to the recording.

27. Defendant Mercantile refused to apologize.

28. Defendant Mercantile refused to take any steps to correct the improper taking of Plaintiff's money.

29. Plaintiff requested the number from John Elliot to Mr. Guycowski.

30. Plaintiff left a message for Mr. Guycowski stating the issue and requested that he call Plaintiff as soon as possible.

31.  Plaintiff did not hear from Mr. Guycowski after two or three days and called Mr. Guycowski again.

32.  Plaintiff spoke with Mr. Guycowski and he was adamant that there was no fault on their part and that Plaintiff had given them the right to take the money from Plaintiff's account for the remaining balance to Kohls.

33.  Plaintiff requested to hear the recording where Plaintiff supposedly gave the permission.

34.  On behalf of Defendant Mercantile, Mr. Guycowski refused to allow Plaintiff to listen to the recording stating it would take too long and that he didn't have time to sit there for 13 minutes to listen to the recording.

35.  Defendant Mercantile also stated Plaintiff was not allowed to listen to the recording.

36.  Mr. Guycowski stated Plaintiff would be "crazy" to call the bank and have the payment reversed because it would open up a "whole new can of worms."

37.  Plaintiff explained to Mr. Guycowski she would have been happy to make another payment but not for $328 that was taken out.

38.  Mr. Guycowski told Plaintiff that maybe he should tell his representatives to check more carefully with the customer before pulling out a large amount.

39.  On or about August 26, 2014, Plaintiff spoke with Greg Guycowski.

40. Plaintiff told Greg Guycowski that she was calling to request a copy of the conversation/recording Plaintiff had on June 18th with John Elliot and it could be sent to her via email or by CD in the mail.

41. Greg Guycowski told Plaintiff "It's not going to happen Ashley.  I am not required to send that to you and it's proprietary information."

42. Defendant Mercantile never explained how a voice recording of Plaintiff could possibly be proprietary.

43. Plaintiff has suffered past and future monetary loss and past and future emotional distress and mental anguish as a result of Defendant Mercantile's wrongdoing.

44. This type of activity and wrongdoing by Defendant Mercantile is not an isolated incident unique to Plaintiff.

45. Defendant Mercantile has a business policy of conducting consumer collections in this manner.

46. The position of Defendant Mercantile is that the profit from violating federal and state laws greatly exceeds the slight risk of being sued.

47. This type of conduct is systemic at Defendant Mercantile and is taught, tolerated, and encouraged at all levels of the company.

*Respondeat Superior Liability*

48.  The acts and omissions of these individuals, and the other debt collectors employed as agents by Defendant, who communicated with Plaintiff and others as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

49.  The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Mercantile in collecting consumer debts.

50.  By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant Mercantile.

51.  Defendant Mercantile is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the law, in its attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e

52.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.   Section 1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

54.   Specifically, paragraphs 5-51 support the 1692e claim.

### COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e(2)

55.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.   Section 1692e(2) states "The false representation of the character, amount, or legal status of any debt."

57.   Specifically, paragraphs 5-51 support the 1692e(2) claim.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692e(10)

58.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.   Section 1692e(10) states "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

60.   Specifically, paragraphs 5-51 support the 1692e(10) claim.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692f

61.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.   Section 1692f states "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

63.   Specifically, paragraphs 5-51 support the 1692f claim.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692f(1)

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Section 1692f(1) states "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

66. Specifically, paragraphs 5-51 support the 1692f(1) claim.

## COUNT VI.

## VIOLATION OF THE ELECTRONIC FUND TRANSFERS ACT AND REGULATION E

## 15 U.S.C § 1693 *et seq.* and 12 C.F.R § 205 *et seq.*

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing intentional and negligent acts and omissions of Defendant Mercantile constitutes numerous and multiple violations of the EFTA and Regulation E including, but not limited to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 *et seq.*

69. Specifically, paragraphs 7-51 support this claim.

## COUNT VII.

## CONVERSION AND/OR RESPASS TO PERSONAL PROPERTY

70.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.   Defendant Mercantile wrongfully and unlawfully took specifically identifiable property (money) of Plaintiffs.

72.   Defendant Mercantile exercised dominion and control over this property.

73.   Defendant Mercantile prevented Plaintiff from having control over Plaintiff's property.

74.   Defendant Mercantile committed this conversion and/or trespass to Plaintiff's personal property intentionally and/or recklessly.

75.   Specifically, paragraphs 7-51 and the paragraphs in this count support this claim.

## COUNT VIII.

## FRAUD

76.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77.   Defendant Mercantile represented to Plaintiff in the June 2014 call that only a single withdrawal or transfer would be made from Plaintiffs bank account.

78.   It was a material fact on whether there was going to be one withdrawal or multiple withdrawals.

79.   Plaintiff reasonably and justifiably believed Defendant Mercantile when it said that there would only be one withdrawal.

80.   In reality, Defendant Mercantile always intended to take multiple withdrawals from Plaintiff's bank account.

81.   At the time of the representation, Defendant Mercantile had the present intent to take multiple withdrawals even though it represented to Plaintiff that it would only take one withdrawal.

82.   The actions of Defendant Mercantile also constitute suppression of a material fact.

83.   Defendant Mercantile suppressed from and hide from Plaintiff the material fact that it would take more than one withdrawal from Plaintiff's bank account.

84.   Plaintiff reasonably and justifiably believed Defendant Mercantile when it said that there would only be one withdrawal.

85.   Plaintiff had no reason to know that Defendant Mercantile had misrepresented and suppressed material facts from Plaintiff.

86.   As a result, Plaintiff gave access of Plaintiff's bank account to Defendant Mercantile for a single withdrawal.

87.   Had Plaintiff been told the truth by Defendant Mercantile, Plaintiff never would have given Defendant Mercantile access to Plaintiff's bank account.

88.   Defendant Mercantile did, in fact, take multiple withdrawals (transfers) from Plaintiff's bank account in direct violation of its representation to Plaintiff.

89.   The material fact suppressed, that there would be multiple withdrawals, occurred and harmed Plaintiff when more than one withdrawal occurred.

90.   The misrepresentations and suppressions resulted in Plaintiff's past and future monetary loss and past and future mental anguish and emotional distress.

91.   Defendant Mercantile's misrepresentations and suppressions were made intentionally, recklessly, wantonly, negligently, and/or innocently.

92.   At no time has Defendant Mercantile apologized to Plaintiff for any misrepresentation or suppression.

93.   At no time has Defendant Mercantile offered to fix the damage done to Plaintiff or to in any manner make right its wrongful conduct against Plaintiff.

94.   Specifically, paragraphs 7-51 and the paragraphs in this count support this claim.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment

be entered against Defendant Mercantile for all damages allowable (including

statutory, actual, compensatory, nominal and punitive the total of which Plaintiff

claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent

further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

John G. Watts (ASB-5819-t82j)
M. Stan Herring (ASB-1074-n72m)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

-15-

**<u>Please serve Defendant by certified mail at the following address:</u>**

Mercantile Adjustment Bureau, LLC
c/o National Registered Agents, Inc.
2 North Jackson Street, Suite 605
Montgomery, AL 36104